[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12906
1. Nature of the Proceedings
In a three count complaint dated February 2, 1998, the plaintiff, Donna L. Caswell brought suit against the defendant, John Scully. In the first count the plaintiff alleges that she was the victim of a battery by the defendant, in the second count she alleges that she was assaulted by the defendant and in the third count she alleges the defendant was negligent in coming in contact with her. The suit is based on the events of August 28, 1995.
The defendant filed an Answer on June 12, 1998 in which he denied the allegations of the plaintiff's complaint.
An Intervening Complaint was filed on July 21, 1998 by Auto Tote Enterprise, Inc., the plaintiff's employer on August 28, 1995. The parties agreed the Worker's Compensation lien is $5,709.35.
II. Discussion
The plaintiff is 43 years old. On August 28, 1995 she was employed by Auto Tote Enterprises, Inc., doing among other things promotional work.
On the evening of August 28, 1995, the plaintiff was doing promotional work for her employer. That evening there were boxing matches open to the public. Her promotional work was to put a shark outfit on and greet and mingle with the crowd. Plaintiff's Ex. #1 is a photo of the shark outfit.
The plaintiff had done similar events in the past dressed as a shark. The costume covered her entire body.
On August 28, 1995, at approximately 6:30 p.m., the plaintiff was in the hallway where she was greeting patrons as a "shark." The defendant was in the same hallway entering the premises.
The defendant has been a professional boxer since 1980. He was there that evening to attend the boxing matches. He was with a youth group.
The court finds as the defendant approached the plaintiff he started to "bob and weave." The shark in turn started to flick her "fins" toward the defendant. Her fins were her arms. These actions by the plaintiff and defendant were done in the spirit of fun for the young children who were with the defendant. CT Page 12907
The defendant did in fact flick at the "shark" with his hands. His fingers did in fact come in contact with the "snout" of the shark's costume. The plaintiff claims it was a punch not a flick. She claims that the defendant walked up to her, punched her and then ran away.
The plaintiff was not knocked down by this contact. The plaintiff continued to work that evening. The police were not called by anyone. The plaintiff did not miss anytime from work as a result of this incident.
After his encounter with the shark the defendant watched the boxing matches. His next contact with the plaintiff was when she served this lawsuit on him.
The plaintiff first sought medical treatment on September 13, 1995, seventeen days after her encounter with the defendant. She claims his punch caused her injuries including a torn rotator cuff.
A bench trial was held on July 18, 2001. The plaintiff and defendant were the only witnesses.
Based on the testimonial and documentary evidence presented and the reasonable and logical inferences drawn therefrom, it is determined by the preponderance of the credible and credited evidence that the contact between the parties was minimal and that the defendant did not "punch" the plaintiff.
The court finds that the plaintiff was less than candid in her responses to Interrogatories and her Deposition. The plaintiff did not accurately indicate her prior and subsequent accidents and injuries. The plaintiff did not give an accurate medical history to her doctor whom she treated with for her torn rotator cuff.
The burden to prove her case rests with the plaintiff. The court finds she has not met her burden.
Accordingly, judgment is entered for the defendant in each of the three counts of the Complaint.
 BRIAN T. FISCHER JUDGE OF THE SUPERIOR COURT